UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RICKYE HENDERSON** <br> *Plaintiff* | § <br> § <br> § | |
| v. | § <br> § | Case No.  1:24-CV-00771-DII-DH |
| **JUDGE JAN SOIFER, et. al.,** <br> *Defendants* | § <br> § <br> § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Rickye Henderson's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Henderson's financial affidavit and determined Henderson is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Henderson's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed

if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Henderson is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Henderson's claims be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2). Therefore, service upon the defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, service should be issued at that time upon the defendants.

## II.   REVIEW OF THE MERITS OF THE CLAIM

Because Henderson has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Pro se complaints are liberally construed in

favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Henderson sues four Travis County judges ("Defendant Judges") as well as the law firm Ambrust & Brown, LLC and two of its attorneys (the "Ambrust & Brown Defendants"), alleging that the defendants violated Henderson's constitutional rights by conspiring against Henderson on the basis of his race in certain civil state-court proceedings. Dkt. 1, at 3-4. In the initial quiet-title case, in which the Ambrust & Brown Defendants represented plaintiff Ali Arabzadegan, the Travis County district court determined after a bench trial that Arabzadegan was the rightful owner of the land, that Henderson had no interest in the property, and that any lease between Arabzadegan and Henderson had been properly terminated. Dkt. 1-5, at 2. Henderson subsequently filed two lawsuits against Arabzadagen challenging the validity of the original judgment, for which Henderson was declared a vexatious litigant pursuant to section 11.054 of the Texas Civil Practice and Remedies Code. Dkt. 1-9.[1] This

---

[1] "The district court may properly take judicial notice of public state court records." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020). Henderson filed several appeals in the state-court cases at the center of this lawsuit—three of which remain pending. *See In re Rickye Henderson*, No. 03-24-378-CV (Tex. App.—Austin, August 16, 2024, no pet.) (mandamus petition dismissed); *Henderson v. Arabzedagen*, No. 03-24-313-CV, 2024 WL 3187655 (Tex. App.—Austin, June 27, 2024, no pet.) (trial court judgment affirmed); *Henderson et. al., v. Arabzedagen*, No. 03-24-236-CV (Tex. App.—Austin, April 10, 2024, no pet. h.); *Henderson v. Ambrust & Brown, et. al.,* No. 03-24-509-CV (Tex. App.—Austin, August 8, 2024, no pet. h.); *Henderson v. Ambrust & Brown, et. al.,* No. 03-24-410-CV (Tex. App.—Austin, June 21, 2024, no pet. h.).

federal lawsuit essentially challenges the validity of these state-court judgments by seeking injunctive and declaratory relief against the defendants, as well as seeking $30 million in damages. Dkt. 1, at 11.

Initially, Henderson's claims seeking damages against the Defendant Judges are barred by judicial immunity. Judges generally have absolute immunity from suits for damages because "'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Bradley v. Fisher,* 80 U.S. 335, 347 (1872)). Judicial immunity can be overcome in two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

Here, neither exception to judicial immunity is applicable. Henderson complains solely of actions taken by the Defendant Judges while they were acting in their judicial capacities and does not allege that any of the Defendant Judges lacked jurisdiction to adjudicate the cases over which they presided. For example, Henderson complains that Judge Jan Soifer issued several rulings unfavorable to Henderson in the initial quiet-title case in Travis County district court. Dkt. 1, at 5-6. Henderson lodges similar complaints against Judges Scott McCowen, David Phillips, and Jessica Mangrum regarding their decisions in his other state-court cases. *Id.* at 6-8.

4

Henderson's allegations that the Defendant Judges acted with intent to deny Henderson his rights cannot save his claims since "[j]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. "It is the Judge's actions alone, not intent, that we must consider," and here Henderson complains only of actions taken by the Defendant Judges while they were serving in their judicial capacity in adjudicating matters over which they properly exercised jurisdiction.[2] *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Henderson's claims for damages against the Defendant Judges are thus barred by judicial immunity.

Henderson's remaining claims against the Defendant Judges and the Ambrust & Brown Defendants should also be dismissed because he has failed to allege any facts supporting "the existence of a conspiracy" between the Ambrust & Brown Defendants and the Defendant Judges to deprive Henderson of his constitutional rights. *See* Dkt. 1; *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (stating that section 1983 conspiracy claims require plaintiff to allege facts that "establish [] the existence of a conspiracy" and "a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy" (citation removed)). Specifically, Henderson only points to the Ambrust & Brown Defendants' successful advocacy on behalf of their client and the Defendant Judges' issuance of decisions unfavorable to

---

[2] The Travis County district court has original jurisdiction in all cases involving title to land. Texas Loc. Gov't Code § 24.007; *see also Texas Courts: A Descriptive Summary*, STATE OF TEX. JUD. BRANCH, https://www.txcourts.gov/media/994672/Court-Overview.pdf (last visited Sept. 3, 2024) (stating district courts in Texas generally have jurisdiction in suits for title to land or enforcement of liens on land).

5

Henderson in the state-court proceedings—neither of which indicate the existence of a conspiracy. *See* Dkt. 1; *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986) ("The allegation of a conspiracy between private and state actors requires more than conclusory statements.").

Moreover, Henderson's complaint contains no well-pleaded facts showing that his constitutional rights were violated in any of the state proceedings—instead, it relies on bare legal conclusions that Henderson's constitutional rights were violated by the unfavorable legal decisions rendered against him. *See* Dkt. 1; *Shaw*, 918 F.3d at 419. ("[N]aked allegations or legal conclusions masquerading as something more will not thwart dismissal."); *see also City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."). Because Henderson failed to allege sufficient facts to plead the existence of a constitutional violation or a conspiracy, his remaining claims against the defendants should be dismissed.

In accordance with the foregoing discussion, the undersigned hereby **GRANTS** Henderson's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** Henderson's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2), and **DISMISS AS MOOT** Henderson's remaining pending motions.

The referral of this case to the Magistrate Judge should now be canceled.

### III.     FRIVOLOUS LITIGANT WANRING

Henderson brought a previous lawsuit in this Court, which was dismissed under Section 1915 as frivolous. *See Henderson v. Buttross*, 1:17-cv-436-LY. A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Henderson that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 6, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE